*P. W. Hardin*, for appellee.

---

COTTON *v.* BROWN.

[Kentucky Law Reporter, Vol. 3—679.]

**Deed of Trust for Benefit of Wife Valid.**

If a sale or gift by deed be by the husband directly to the wife, while the legal title will remain in him, the beneficial use will vest in her as her separate estate and the husband will be treated as her trustee, and upon her death her only child will inherit the same estate in the property.

**Statute of Limitations.**

While a conveyance by a debtor, without consideration, is declared void as to existing creditors, the statute of limitations applies, and an action to set aside such a conveyance can not be maintained unless begun within five years after the right of action accrues.

APPEAL FROM NELSON CIRCUIT COURT.

March 25, 1882.

OPINION BY JUDGE LEWIS:

But two questions necessary to be considered arise in this case:

1. Whether the deed made by Abe Brown to Dilsey Brown on the 3d of January, 1871, and duly recorded in the proper office, is effectual for any purpose.

2. Whether that conveyance, being without valuable consideration, and therefore, under Gen. Stat. (1881), Ch. 44, Art. 1, § 2, void as to all the then existing creditors of Abe Brown, the statute of five years' limitation provided in the cases mentioned in Ch. 71, Art. 3, § 2, applies to this case.

It is contended by counsel for appellant that, the property being conveyed or attempted to be conveyed by a husband in trust for his wife, no title passed, because no grantee or trustee is mentioned in the deed. Although contracts between husband

and wife are, by the rules of common law, void, it is not so in equity; and it is a rule that admits of no exception that equity never wants a trustee, so that whenever a trust exists, either by the declaration of the party or by intendment or implication of law, and the party creating the trust has not appointed any trustee to execute it, equity will follow the legal estate, and decree the person in whom it is vested to execute the trust. 2 Story's Equity Jur. (11th Ed.), § 976; 1 Perry on Trusts (2d Ed.), § 38. If a sale or gift be by the husband directly to the wife the legal title will remain in him, and the beneficial use will vest in her as her separate estate, and the husband will be treated as her trustee. *Campbell v. Galbreath,* 12 Bush (Ky.) 459.

The deed in this case operated to vest in Dilsey Brown the beneficial use of the property as her separate estate, and to make her husband, Abe Brown, her trustee, and upon her death appellee, Juliet Brown, being her only child and heir at law, inherited the same estate in the property.

Although conveyances by a debtor without consideration therefor are, by the terms of Gen. Stat. (1881), Ch. 44, Art. 1, § 2, declared not fraudulent, but void as to his then existing liabilities, still we are of the opinion they are, in the meaning of the statute, constructively fraudulent, and that the statuory bar of five years provided in Ch. 71, Art. 3, § 2, to an action for relief on the ground of fraud, was intended by the legislature to apply to such cases, as well as those of actual fraud.

As the deed from Abe to Dilsey Brown, under which appellee claims, was recorded more than five years before the institution, by appellant, of his action to subject the property, it follows that the plea of limitation should avail appellee.

Wherefore, Judge Hines dissenting, the judgment is *affirmed.*

*C. T. Atkinson, for appellant.*

*Muir & Wickliffe, for appellee.*

[Cited, *Phillips v. Shipp,* 81 Ky. 436, 5 Ky. L. 460; *Ward v. Thomas,* 81 Ky. 452, 5 Ky. L. 495.]